**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CAROL LENDER,**

    **Plaintiff,**

v.                                **CASE NO. 8:06-CV-178-T-17EAJ**

**UNUM LIFE INSURANCE COMPANY**
**OF AMERICA, INC., et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Carol Lender ("Lender" or "Plaintiff"), filed a Motion for Relief from Judgment/Order (Docket No. 23-1) on April 20, 2007, in which she petitions this Court to vacate the April 21, 2006 Order of Dismissal (Docket No. 21). This Court, under authority of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02 of the Local Rules of the Middle District of Florida, referred the motion to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, by Order dated June 14, 2007 (Docket No. 31).

After considering the Joint Pre-Evidentiary Statement (Docket No. 33) filed on July 9, 2007 and evidence entered at an evidentiary hearing held on July 12, 2007 (Docket No. 34), Judge Jenkins, on July 30, 2007, filed a Report and Recommendation ("R&R") (Docket No. 36) wherein she recommended that this Court grant Plaintiff's Motion for Relief from Judgment/Order (Docket No. 23-1) and reopen the case as to the Defendant Unum Life Insurance Company of America, Inc. ("Unum" or "Defendant"). Judge Jenkins determined that the Plaintiff sufficiently and validly demonstrated exceptional circumstances as required by Rule 60(b)(6), Federal Rules of Civil Procedure, and, therefore, recommended relief from the Order of Dismissal. Neither the Plaintiff nor

the Defendant filed timely and specific objections to the Magistrate Judge's R&R.[1] After reviewing Judge Jenkins' findings, this Court adopts the Magistrate Judge's R&R.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Although this Court adopts the Magistrate Judge's R&R, a summary of the facts and issues in this case is presented for the benefit of the reader. They are not intended to replace, modify, or supplement the findings of the R&R.

Plaintiff filed a two-count complaint in Hillsborough County Circuit Court in December 2005, seeking a declaratory judgment and damages against Defendants on Plaintiff's allegedly valid entitlement to certain life insurance proceeds following the death of her husband (Docket No. 2). Defendants removed the suit to this Court on February 1, 2006 (Docket No. 1), correctly stating that under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 (ERISA), this Court has original jurisdiction of this claim pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1).

Following removal, Plaintiff's counsel, E.C. Watkins, Jr. ("Watkins") failed to file any documents in the case or otherwise make an appearance before this Court. On March 31, 2006, this Court granted on the merits Defendants Advanced Auto Parts' and Discount Auto Parts' Joint Motion to Dismiss (Docket No. 16). On April 21, 2006, this Court <u>sua sponte</u> issued an Order dismissing this action for failure to prosecute (Docket No. 21) following Plaintiff's failure to respond to this Court's Order to Show Cause (Docket No. 20) and Unum's Motion to Dismiss (Docket No. 18). On April 20, 2007, 364 days after dismissal of the case, Plaintiff, having obtained

---

[1] Rule 72(b), Federal Rules of Civil Procedure, states that within ten days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.

the Defendant filed timely and specific objections to the Magistrate Judge's R&R.[1] After reviewing Judge Jenkins' findings, this Court adopts the Magistrate Judge's R&R.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Although this Court adopts the Magistrate Judge's R&R, a summary of the facts and issues in this case is presented for the benefit of the reader. They are not intended to replace, modify, or supplement the findings of the R&R.

Plaintiff filed a two-count complaint in Hillsborough County Circuit Court in December 2005, seeking a declaratory judgment and damages against Defendants on Plaintiff's allegedly valid entitlement to certain life insurance proceeds following the death of her husband (Docket No. 2). Defendants removed the suit to this Court on February 1, 2006 (Docket No. 1), correctly stating that under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 (ERISA), this Court has original jurisdiction of this claim pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1).

Following removal, Plaintiff's counsel, E.C. Watkins, Jr. ("Watkins") failed to file any documents in the case or otherwise make an appearance before this Court. On March 31, 2006, this Court granted on the merits Defendants Advanced Auto Parts' and Discount Auto Parts' Joint Motion to Dismiss (Docket No. 16). On April 21, 2006, this Court <u>sua sponte</u> issued an Order dismissing this action for failure to prosecute (Docket No. 21) following Plaintiff's failure to respond to this Court's Order to Show Cause (Docket No. 20) and Unum's Motion to Dismiss (Docket No. 18). On April 20, 2007, 364 days after dismissal of the case, Plaintiff, having obtained

---

[1] Rule 72(b), Federal Rules of Civil Procedure, states that within ten days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.

new counsel, filed the instant Motion for Relief from Judgment/Order pursuant to Rule 60(b), Federal Rules of Civil Procedure.

This Court denied Plaintiff's Rule 60 motion as to Defendants Advanced Auto Parts and Discount Auto Parts because this Court had granted, on the merits, their Joint Motion to Dismiss before dismissing the entire suit (Docket No. 31 at 7). However, as to Defendant Unum, this Court found that it required more evidence on Plaintiff's conduct to determine whether relief pursuant to Rule 60 is warranted. Specifically, this Court noted that Plaintiff's affidavit accompanying her Rule 60 motion offered no evidence of Plaintiff's role, participation, or efforts in the case, and cited the need for more information on Plaintiff's action, (or inaction), beginning with the time the case was removed (Docket No. 31 at 6).[2] This Court's referral Order stated that relief in this case could be premised either upon a finding of excusable neglect under Rule 60(b)(1) or a finding of extraordinary circumstances pursuant to Rule 60(b)(6) (Docket No. 31 at 6).

Accepting as true Watkins' poor health, this Court determined that available relief hinged on evidence of Plaintiff's general diligence after removal. This Court indicated that even if Watkins' conduct failed to constitute excusable neglect under Rule 60(b)(1), this Court could set aside the judgment pursuant to subsection (b)(6) if Plaintiff could show general diligence (Docket No. 31 at 6). At the evidentiary hearing, Plaintiff claimed entitlement to relief pursuant to only Rule 60(b)(6) and affirmatively waived any argument of excusable neglect under Rule 60(b)(1) (Docket No. 36 at 3).

---

[2] This Court further stated that of primary importance is whether Plaintiff's timing in filing the instant motion was reasonable under the circumstances (Docket No. 31 at 5-6). For the purpose of assessing Plaintiff's diligence, therefore, the "relevant time period" is from the date of removal (February 1, 2006) to the filing of the Motion for Relief from Judgment/Order (April 20, 2007). With respect to assessing the extent of Watkins' incapacitation, however, the relevant time period is from the date of removal to the date of dismissal (April 21, 2006).

In the instant motion, Plaintiff argues that the April 21, 2006 Order of Dismissal should be vacated because Watkins was mentally incapacitated by severe diabetes from February 2006 to April 2006. During that time, Watkins failed to respond to any filings or make an appearance, resulting in dismissal of the action. Plaintiff maintains that she never authorized Watkins to abandon her case, nor did she have any knowledge of Watkins' inactivity on the case or of his debilitating condition until recently. In support of her argument that Watkins' medical and mental condition rendered him mentally incompetent to handle her case, Plaintiff cites the testimony of John K. Kilgore, M.D. ("Dr. Kilgore") in a Florida Bar Grievance proceeding against Watkins on January 2, 2007 (Docket No. 23-2).

This Court, in its referral Order, accepted as true Dr. Kilgore's testimony about Watkins' mental and physical condition in the months immediately preceding dismissal of this case in 2006 (Docket No. 31 at 6).[3] Further, Plaintiff noted that this Court sua sponte terminated Watkins from representation in another matter[4] in 2006, after Watkins failed to serve process on a defendant. Defendant's sole argument is that Plaintiff has not met her burden to justify entitlement to the relief she seeks under either Rule 60(b)(1) or (b)(6) (Docket No. 26). Plaintiff correctly points out that denying the instant motion would effectively bar the action because a dismissal for failure to prosecute pursuant to Rule 41, Federal Rules of Civil Procedure, operates as an adjudication on the merits (Docket No. 23-1 at 5). See Bierman v. Tampa Electric Co., 604 F.2d 929, 930-31 (5th Cir. 1979).[5]

---

[3] Dr. Kilgore testified as to Watkins' poor health due to diabetes and overall decline in functional level during the two to three years prior to the January 2, 2007 hearing, which culminated in a life-threatening situation in the summer of 2006 (Docket No. 23-2 at 7, 14-16).

[4] See Richter v. Home Depot, Case No. 8:05-CV-02153 (Docket No. 25).

[5] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

**II.     STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION**

This Court must first determine the standard to be applied in reviewing the Magistrate Judge's findings of fact and law. Under the appropriate standard, this Court must then review: (1) the law the Magistrate Judge followed in recommending granting Plaintiff's Motion for Relief from Judgment/Order (Docket No. 23-1), and (2) the Magistrate Judge's findings in light of the lack of objections.

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this Act is found at 28 U.S.C. § 636. A district court judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (ie. "R&R") for the disposition of motions. 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with a copy of the R&R, any party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1). Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R&R to which objection is made. Id.

Rule 72 of the Federal Rules of Civil Procedure places into practice the powers codified in 28 U.S.C. § 636(b)(1). Rule 72 follows the statutory example and sets forth different provisions for the two types of pretrial matters that can be referred to a Magistrate Judge. The first provision under § 636(b)(1)(A) states in part that a judge may designate a Magistrate Judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily

dismiss an action. Rule 72(a) refers to the type of a pretrial matter set out in § 636(b)(1)(A) as one that is not dispositive of a claim or defense.

The second provision, under § 636(b)(1)(B), states in part that a district judge may designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations (ie. R&R) for disposition, by a judge, of any motion including those excepted in subparagraph (A). Rule 72(b) refers to the type of a pretrial matter set out in § 636(b)(1)(B) as one that is dispositive of a claim or defense. Here, the Order for Report and Recommendation (Docket No. 31) was referred for an evidentiary hearing under § 636(b)(1)(B).

In United States v. Raddatz, 447 U.S. 667 (1980), the Court upheld the constitutionality of this provision of the Act. The Court found that Congress adequately protected the Act against an Article III constitutional challenge by subjecting the Magistrate Judge's proposed findings and recommendations to a de novo determination by the district judge, who then exercises ultimate authority to issue an appropriate order. 447 U.S. at 682 (citations omitted). In Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507, 512 (11th Cir. 1990), the court stated that "the de novo review requirement is essential to the constitutionality of section 636." The court further stated that "Section [636](b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the [M]agistrate [Judge]." Id. at 512-13 (citing Hall v. Sharpe, 812 F.2d 644, 647 (11th Cir. 1987)). Accordingly, the de novo review is based in a realization that only the district court judge can constitutionally dispose of a matter such as that in the instant case.

The issue of whether the same de novo standard of review is applicable to R&R's has been addressed by courts in the Eleventh Circuit. In LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988),

the court addressed the issue of what standard of review the appellate court would use in reviewing the district court's adoption of a Magistrate Judge's R&R. In doing so, the court examined what standard of review the district court was required to use in its review. The court in LoConte found that there are three different categories of findings reviewable on appeal: (1) findings of fact made by the Magistrate Judge to which the parties did not object;[6] (2) findings of fact made by the Magistrate Judge to which the parties did object with the objections being resolved de novo by the district court; and (3) independent findings of fact made by the district court. Id. at 749. In reference to the findings stated in category (2), the LoConte court also stated that:

> Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a de novo review of the record with respect to that factual issue. As the use of the phrase de novo implies, the district court's consideration of the factual issue must be independent and based upon the record before the court. . . . The factual conclusions reached by the district court are subject only to a "clearly erroneous" standard of review on appeal.

Id. at 750 (citations omitted). It is clear that findings by the Magistrate Judge, to which the parties have made timely objections, are subject to de novo review by the district court judge.

The standard of review applicable under categories (1) and (3), supra, are different from the de novo review standard of category (2). When no objections are made to the Magistrate Judge's R&R, the case law seems to indicate that the district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings.

---

[6] In Mohammed v. Chevron U.S.A. Inc., 738 F. Supp. 1383, 1385 (M.D.Fla. 1990), the district court stated that "after objection, the findings of the Magistrate are entitled to be adopted unless they are found to be clearly erroneous." However, in headnote [1], which precedes the reported opinion, the word "after" is changed to the word "absent." Given this conflict, and since the court in Mohammed did not cite to any authority contrary, it is assumed that the Mohammed case stands for the proposition reflected in the headnote.

In <u>Nettles v. Wainright</u>, 677 F.2d 404, 408 (5th Cir. 1982) (en banc), the court stated that if no objections are filed, the judge may accept, reject, or modify, in whole or in part, the findings and recommendations, provided the "magistrate informs the parties that objections must be filed within ten days after service of a copy of the magistrate's report is made upon them." <u>Id</u>. at 410. The <u>Nettles</u> court further states it is arguable that, when no objections are filed, the parties have accepted the Magistrate Judge's report and have consented to the recommendations. <u>Id</u>. at 409. In <u>LaConte</u>, the court stated that on appeal there is little practical distinction between the plain error standard of review applicable to unchallenged findings of fact by a Magistrate Judge and the clearly erroneous standard of review relevant to fact findings by the district court. 847 F.2d at 750. Although this Court finds no cases that explicitly state the clearly erroneous standard applies to non-objected to findings by the Magistrate Judge, or additional findings by the district court judge, this Court holds that to be the standard of review.

Because neither party in the instant case filed objections to the R&R despite receiving appropriate notice, the findings made in the Magistrate Judge's R&R are reviewed under the clearly erroneous standard.

**III.   ANALYSIS**

**A.  Law Followed in Recommending to Grant Relief from Judgment/Order**

The Magistrate Judge noted (Docket No. 36 at 8) that a district court has power pursuant to Rule 60(b) to vacate or set aside a judgment "whenever such action is appropriate to accomplish justice," (<u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984) (citing <u>Klapprott v. United States</u>, 335 U.S. 601, 615 (1949))), and, therefore, Rule 60 should be liberally construed. <u>See Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (citations omitted).

As stated in the Referral Order for Report and Recommendation (Docket No. 31 at 6), the relevant portions of Federal Rule of Civil Procedure 60(b) provide that upon motion "the court may relieve a party … from final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect … or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) requires a party to demonstrate exceptional circumstances. Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted).

The provisions of Rule 60(b) are mutually exclusive, meaning a movant cannot offer reasons for relief under the Rule 60(b)(6) motion that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)-(5). Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 393 (1991) (citation omitted); United States v. Box 111 Firetower Rd., 920 F.2d 788, 791 (11th Cir. 1991) (citation omitted); Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (citations omitted). Due to this mutual exclusivity and following the referral Order, the Magistrate Judge completed an analysis under both Rule 60(b)(1) and Rule 60(b)(6).

### i.  Rule 60(b)(1) Analysis

Timeliness is the threshold consideration under a Rule 60(b)(1) analysis. The Federal Rules of Civil Procedure are clear that a 60(b)(1) motion must be made within one year of judgment. Here, as the Magistrate Judge noted, the Plaintiff's motion was filed 364 days after judgment, within the appropriate timeframe (Docket No. 36 at 2).

Although made within the appropriate time, the Magistrate Judge noted that the Plaintiff affirmatively waived any argument of excusable neglect under Rule 60(b)(1) at the evidentiary hearing (Docket No. 36 at 3). The Magistrate Judge further noted that Plaintiff's reliance on her

former attorney Mr. Watkins' illness and resulting error or general negligence fails to constitute excusable neglect as intended by Rule 60(b)(1) (Docket No. 36 at 9). See Box 111 Firetower Rd., 920 F.2d at 792 (holding that an attorney's negligence alone does not qualify for such relief) (citations omitted); Ake v. Mini Vacations, Inc., 174 F.R.D. 110, 112 (M.D. Fla. 1997) (holding negligence on the part of the attorney does not qualify for such relief) (citations omitted); Abbey v. Mercedes-Benz of North America, Inc., No. 04-80136-CIV, 2007 WL 879581, *1 (S.D. Fla. Mar. 20, 2007) (stating "illness alone is not a sufficient basis for setting aside a judgment") (citation omitted). Because the Plaintiff affirmatively waived a request for relief under Rule 60(b)(1) and relief under the argument of excusable neglect cannot be premised on illness, attorney error, or general negligence even if the affirmative waiver had not been made, an analysis under Rule 60(b)(1) fails.

### ii.   Rule 60(b)(6) Analysis

Timeliness is also the threshold consideration under a Rule 60(b)(6) analysis. Rule 60(b) requires that the Motion from Judgment/Order be filed "within a reasonable time" and specifically states that filing within one year is timely for subsections (1)-(3). However, when a Rule 60(b)(6) motion is filed within one year of the judgment and within a reasonable time, timeliness is accomplished as "there is no need to differentiate between the grounds justifying relief." Seven Elves, 635 F.2d at 402 n.3 (5th Cir. Unit A Jan. 1981). The Magistrate Judge correctly found that the Plaintiff's Motion for Relief is therefore timely under Rule 60(b)(6) analysis because it was filed within one year of the judgment and within a reasonable time of Plaintiff's learning of the dismissal (Docket No. 36 at 12).

Further analysis under Rule 60(b)(6) requires a review of the Plaintiff's general diligence (Docket No. 31 at 6) rather than a review of her former attorney's actions as under Rule 60(b)(1).[7] The Magistrate Judge noted that because of the mutual exclusivity of Rule 60(b)'s provisions, relief is generally unavailable under subsection (b)(6) for the gross negligence or incompetence of one's attorney[8] (Docket No. 36 at 9). See Pioneer, 507 U.S. at 397 (clarifying that clients who voluntarily choose their attorneys must be held accountable for the acts and omissions of their attorneys); Solaroll, 803 F.2d at 1133 (distinguishing line of cases holding that attorney error applied within the scope of subdivision (b)(6) is fundamentally inconsistent with the mutual exclusivity of subsections (b)(1) and (b)(6)).

In reviewing Plaintiff's general diligence, the Magistrate Judge noted that extraordinary circumstances may exist and relief under subsection (b)(6) may be justified if "the party is faultless in the delay" (Docket No. 36 at 10). Pioneer, 507 U.S. at 393; see also 12 Moore's Federal Practice § 60.48[3][a] (3d ed. 2007) (discussing the Supreme Court's distinction between Klapprott, in which the Court found extraordinary circumstances, and Ackermann v. United States, 340 U.S. 193, 195 - 197 (1950), in which the Court denied Rule 60 relief, as finding fault or no fault on the part of the movant); cf. National Credit Union Administration Board. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993) (finding Rule 60(b)(6) relief appropriate because movant had no real knowledge of the proceedings and lack of knowledge not attributable to movant).

---

[7] Although Defendant concedes Watkins' illness from the time of removal to dismissal of this case, the parties dispute the extent of his incapacitation. As such, this court is precluded from considering only Watkins' conduct in determining whether to grant relief under either subsection (b)(1) or (b)(6) (Docket No. 36 at 9-10).

[8] There is no doubt that Watkins' conduct in this case went beyond mere negligence in failing to respond to deadlines. Likewise, the present situation does not result from Watkins' ignorance or an inability to manage his caseload. Not only was Watkins ill during the relevant time but he "constructively disappeared" from Plaintiff's case. See United States v. Cirami, 563 F.2d 26, 34-35 (2d Cir. 1977) (reversing and remanding for evidentiary hearing under Rule 60(b)(6) because defendants' attorney constructively disappeared due to an alleged psychological disorder and clients made reasonable attempts to contact attorney).

The Magistrate Judge's recommendation to grant relief under Rule 60(b)(6) resulted from a finding that the Plaintiff was faultless, based on the following findings of fact: (1) Plaintiff is completely unversed in the law and relied wholly on her attorney for legal advice; (2) Plaintiff, as a recent widow, trusted Watkins because of the personal relationship they shared as members of their church; (3) Plaintiff, after meeting with Watkins and retaining him to represent her against the insurance company, did not worry about a delay in communication because she generally understood that a lawsuit is a lengthy process and she often saw Watkins at church; (4) Plaintiff, after the filing of the lawsuit in December 2005, received the notice of removal to this Court and in the absence of any communication from Watkins attempted to contact Watkins multiple times throughout the summer and fall of 2006; (5) Plaintiff attempted to phone Watkins' office on several occasions, tried to obtain his home telephone number, drove by Watkins' office, and spoke to him at church, asking him to telephone Plaintiff; (6) Plaintiff, after learning in early 2007 that her suit had been dismissed, promptly met with another attorney to evaluate her options; (7) Plaintiff has subsequently worked diligently with her current attorney to reopen the case; (8) Plaintiff's failure to make contact with the courts or Florida Bar regarding the case and her attorney's actions cannot be explained away as indifference or disregard, but rather as inexperience and lack of legal sophistication; and (9) Plaintiff never deliberately decided to delay the litigation (Docket No. 36 at 10-11).

Finally, the Magistrate Judge referenced eight factors (Docket No. 36 at 11-12) established in law to determine if relief is appropriate to accomplish justice under Rule 60(b)(6): "(1) [t]hat final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding

cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." Seven Elves, 635 F.2d at 402 n.3 (citations omitted).

Applying these factors to the instant case, the motion was not offered as a substitute for appeal, the motion was made within the reasonable timeframe of one year after judgment, the Plaintiff's claim did not receive consideration on the merits before dismissal, the Plaintiff did not have an opportunity to present her claim at trial, the equities are clearly in favor of the Plaintiff (Docket No. 36 at 12), and the Plaintiff was generally diligent. Accordingly, in order to achieve substantial justice Rule 60(b) should be liberally construed. Seven Elves, 635 F.2d at 402.

The Magistrate Judge recommended granting the Motion for Relief from Judgment/Order under Rule 60(b)(6), based on the findings that the Plaintiff filed a timely Rule 60(b) motion, the Plaintiff sufficiently and validly demonstrated general diligence, and the equities weigh in favor of the Plaintiff (Docket No. 36).

### B. Findings in Light of the Objections

Because no objections were filed to the R&R, this Court has reviewed the R&R under the clearly erroneous standard.

### IV. CONCLUSION

This Court has thoroughly reviewed the Report and Recommendation and made an independent review of the available record. Upon due consideration, this Court concurs with the Report and Recommendation. Accordingly, it is

**ORDERED** that the Report and Recommendation (Docket No. 36), dated July 30, 2007, be **ADOPTED**; the Motion for Relief from Judgment/Order be **GRANTED**; the Clerk of Court is **DIRECTED** to reopen this case; the defendant shall have ten days to answer the complaint; and the parties shall meet within thirty days of the date of this Order for the purpose of preparing and filing a Case Management Report and shall file the Case Management Report in forty-five days of this date.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 14th day of September, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.